**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AGRECYCLE, INC., | Civil Action No. 2:25-cv-1737 |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| TOWNSHIP OF NORTH STRABANE, PENNSYLVANIA and INTERMUNICIPAL COMPOSTING COOPERATIVE, | |
| Defendants. | |

## COMPLAINT

Plaintiff, AgRecycle, Inc. ("AgRecycle"), by and through its counsel, Pietragallo Gordon Alfano Bosick & Raspanti, LLP, files this Complaint and alleges as follows:

## INTRODUCTION

1. North Strabane has attempted an unconstitutional land grab from AgRecycle, a composting company that has served the Western Pennsylvania area for decades.

2. North Strabane's conduct is violating AgRecycle's property rights under the Fourteenth Amendment and is unjustifiably impairing AgRecycle's rights under the Constitution's Contract Clause.

3. AgRecycle therefore brings this action to obtain declaratory, injunctive, and monetary relief from the harm that North Strabane has caused, is causing, and will continue to cause if left unchecked.

## PARTIES

4. Plaintiff AgRecycle is a Pennsylvania corporation that operates an organic composting plant at 25 Lindley Road, Canonsburg, PA 15317. AgRecycle is owned and managed by Carla Castagnero and is exclusively in the environmentally protective industry of composting

and recycling various organic waste materials that serves the citizens of southwest Pennsylvania, including North Strabane and the other communities of the Intermunicipal Composting Cooperative ("ICC").

5.      North Strabane is a municipality located in Washington County, Pennsylvania that acts through its Board of Supervisors.

6.      The ICC is an intergovernmental organization composed of North Strabane, South Strabane Township, East Washington Borough, and McDonald Borough. The ICC, upon information and belief, was organized to coordinate recycling and composting activities between its members and, upon information and belief, the ICC has never been disbanded or dissolved.

7.      The ICC is named as a party solely for the purpose of obtaining complete declaratory relief.

## JURISDICTION AND VENUE

8.      The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the constitution and laws of the United States.

9.      The Court has personal jurisdiction over North Strabane because North Strabane is located in this District and its underlying conduct occurred in this District.

10.      The Court has personal jurisdiction over the ICC because the ICC was formed in this district and its related activities occurred in this district.

11.      Venue is proper under 28 U.S.C. § 1391(b) because North Strabane is located in this district and the events giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

12.    On October 16, 1996, the ICC executed a contract with AgRecycle (the "Contract" or "Agreement"). Carla Castagnero, AgRecycle's President, signed on behalf of AgRecycle. A true and correct copy of the Contract is attached hereto as **Exhibit 1**.

13.    North Strabane was a member of the Intermunicipal Composting Cooperative at the time that the Contract was executed but North Strabane, as one of several members of the ICC, did not have unilateral authority to enter or terminate the Contract. To date, upon information and belief, North Strabane has never been given the authority to unilaterally terminate the Contract.

14.    The Contract provides that AgRecycle may possess and operate a "composting facility site (the "Site") located in North Strabane Township at Lindley Road." **Exhibit 1**, p. 1.

15.    The Contract guarantees that "[t]he term of this Agreement shall be for ten (10) years. This Agreement shall automatically renew for additional five (5) year periods unless either party to this Agreement provides written notice of intent not to renew to the other party at least one-hundred eighty (180) days prior to the expiration of the term of this Agreement." **Exhibit 1**, § J, pp. 4-5.

16.    The Contract continued for the initial 10-year period until 2006, after which time the Contract automatically renewed in 2006, 2011, 2016, and 2021. The Contract is guaranteed to extend through October 16, 2026, and will automatically renew on that date for another five years.

17.    On August 28, 2025, North Strabane sent a letter to AgRecycle (the "Termination Letter") in which North Strabane stated and claimed that "the North Strabane Township Board of Supervisors voted to terminate this Agreement.

18.    It is alleged by North Strabane that at a Public Meeting, the Board of Supervisors of North Strabane Township, on Tuesday, August 26, 2025, voted to terminate the April 25, 2000

3

Agreement with AgRecycle insofar as the Agreement is no longer necessary and the Township is no longer reaping a benefit from said Agreement." A true and correct copy of the termination letter is attached hereto as **Exhibit 2**.

19.     It is believed and therefore averred that the Board of Supervisors of North Strabane Township were either misinformed, misled, wrongly guided, or acted intentionally and willfully wrong in their exercise of their civic responsibility in violation of the contract with AgRecycle.

20.     Upon information and belief, the Termination Letter's reference to the "April 25, 2000 Agreement" is improper and in error. The reference should have been to the October 16, 1996, Contract, which is the contract that guarantees AgRecycle the right to possess and operate on the Site.

21.     The Termination Letter concludes that AgRecycle must remove itself and its belongings from the Site "**not later than January 1, 2026.** Should you [AgRecycle] fail to remove your personal items from the premises, the Township [of North Strabane] will dispose of any of the said belongings thereafter." *Id.* (emphasis in original).

22.     The Termination Letter is illegitimate as a matter of law because North Strabane cannot terminate a contract to which it is not a party. And even if it were a party to the Contract, the Termination Letter blatantly violates the notice provision of the Contract.

23.     The Termination Letter cites no justification for North Strabane's threat to destroy the Contract and, instead, declares that North Strabane will take the Site from AgRecycle, and wrongfully take AgRecycle's belongings remaining on the Site, by January 1, 2026, in disregard of the Contract's clear guarantee that AgRecycle may possess and operate on the Site beyond January 2026. Such conduct will cause significant financial harm to AgRecycle.

4

24.     North Strabane's unfounded attempt to undermine AgRecycle's Contract with the ICC, throw AgRecycle off the Site, take AgRecycle's personal property, and undermine AgRecycle's commercial interests – all in total disregard of AgRecycle's Contract – is a deprivation of AgRecycle's right to property under the Fourteenth Amendment and an unconstitutional impairment of the Contract under the Constitution's Contract Clause.

25.     AgRecycle brings this action to obtain relief from North Strabane's outrageous and unlawful impairment of AgRecycle's Contract without any regard for AgRecycle's contractual and constitutional rights.

## CLAIMS FOR RELIEF

### COUNT I – DECLARATORY JUDGMENT
**(Against All Defendants)**

26.     AgRecycle incorporates the preceding paragraphs as if fully set forth herein.

27.     An actual controversy exists between AgRecycle, North Strabane, and the ICC.

28.     AgRecycle and the ICC have a contract, and North Strabane has represented to AgRecycle, in writing, that North Strabane intends to deprive AgRecycle of its property interests in the Site by January 1, 2026, despite AgRecycle's unambiguous right to possess and remain operational on the Site under the Contract.

29.     AgRecycle requests that the Court issue an order recognizing the validity and enforceability of the Contract, as well as AgRecycle's right to use and remain on the Site under the terms of the Contract. AgRecycle also requests that the declaratory judgment provide for the damages and attorneys' fees owed by North Strabane to AgRecycle because of North Strabane's constitutionally violative conduct.

30.     A declaratory judgment in the form of the order requested would declare the rights and legal relations of the parties and would resolve this controversy.

WHEREFORE, Plaintiff AgRecyle, Inc. respectfully requests that the Court enter judgment in its favor and issue a declaratory judgment, recognizing the Contract between AgRecycle and the ICC as valid and enforceable, and ordering that North Strabane not interfere with AgRecycle, Inc.'s right to possess and operate the Site unless and until the ICC provides 180-days' notice ahead of the automatic renewal date.

### COUNT II – VIOLATION OF 42 U.S.C. § 1983
### (Fourteenth Amendment and U.S. Const. Art. I, § 10, Cl. 1)
### (Against North Strabane)

31.     AgRecyle incorporates the preceding paragraphs as if fully set forth herein.

32.     AgRecycle has a constitutional right to property interests legally owed to it. Under the Contract, the Site is legally in the possession and under the operation of AgRecycle and must remain so under the terms of the contract, or as the parties might otherwise agree.

33.     Notwithstanding, North Strabane, through its Board of Supervisors, has voted to remove AgRecycle from the Site by no later than January 1, 2026, thereby depriving AgRecycle of its property rights unjustifiably and without any due process, in violation of the Fourteenth Amendment to the United States Constitution.

34.     The deprivation occurred through the formal exercise of governmental power and therefore under color of state law.

35.     North Strabane's conduct has also violated AgRecycle's rights under U.S. Const. Art. I, § 10, Cl. 1 (the Contract Clause).

36.     The Contract between AgRecycle and the ICC is a valid and enforceable agreement.

37.     North Strabane has substantially impaired AgRecycle's rights under the Contract by unilaterally, and without proper notice, ordering that AgRecycle vacate the Site by January 1, 2026, despite the Contract guaranteeing AgRecycle the right to possess and operate the Site unless

6

and until proper notice is given by the parties. *See* **Exhibit 1**, § J, pp. 4-5. What is more, North Strabane has threatened to take all AgRecycle property remaining on the Site after January 1, 2026.

38.    North Strabane has acted to substantially impair AgRecycle's rights under the Contract without any legitimate public purpose. To the contrary, AgRecycle has served the North Strabane and Western Pennsylvania areas for decades, providing an efficient and eco-friendly source of waste disposal and recycling. AgRecycle's continued operation in North Strabane – rather than its abrupt removal from North Strabane – would serve a legitimate public purpose.

39.    North Strabane's vote to destroy AgRecycle's rights under the Contract is invalid, unreasonable, and causes immediate harm to AgRecycle's ability to sustain its business and its obligations to the customers who rely upon AgRecycle to fulfill its composting activities.

40.    North Strabane has offered no concrete rationale for its sudden, substantial impairment of AgRecycle's contractual guarantees and, as discussed above, North Strabane's conduct will harm the public interest.

41.    North Strabane's vote to terminate AgRecycle's rights under the Contract was not necessary. To the contrary, AgRecycle has been operating successfully on the Site for nearly three decades and has become the largest composter in the Commonwealth. Nothing new has arisen that justifies North Strabane's abrupt actions described herein, and North Strabane has made no effort to act in a manner that more narrowly affects AgRecycle's rights under the Contract. North Strabane has jumped to a full-blown attack on the Contract without any rhyme or reason. Its conduct was, is, and remains wholly unnecessary and violative of the Contract Clause, all to the detriment of AgRecycle.

42.    AgRecycle will lose millions of dollars if its company is shut down on account of the wrongful action of North Strabane.

43.     North Strabane has not justly compensated AgRecycle for the intended deprivation of AgRecycle's property right and has made no attempt to do so. Instead, North Strabane has unilaterally informed AgRecycle that it must vacate the Site by January 1, 2026, despite that demand's clear impairment of the Contract and the property rights it guarantees to AgRecycle.

44.     AgRecycle has been harmed and will continue to be harmed because of North Strabane's willful and malicious deprivation of AgRecycle's rights under the Fourteenth Amendment and the Contract Clause of the U.S. Constitution.

45.     Accordingly, AgRecycle requests that the Court issue injunctive relief prohibiting North Strabane from removing AgRecycle from the Site or taking AgRecycle's property located on the Site.

46.     AgRecycle also requests that the Court award it monetary damages for the financial harm, including attorneys' fees and costs, that it has incurred and will continue to incur, because of North Strabane's conduct.

WHEREFORE, Plaintiff AgRecyle, Inc. respectfully requests that judgment be entered in its favor and that the Court grant injunctive relief prohibiting North Strabane from removing AgRecycle from the Site or taking AgRecycle's property from the Site, as well as award monetary damages and reasonable attorneys' fees in AgRecycle's favor.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff AgRecycle respectfully requests that the Court:

(a) Enter a declaratory judgment declaring that the Contract is a valid and enforceable agreement between AgRecycle and the ICC;

(b) Declare that North Strabane's conduct unjustifiably deprived AgRecycle of its constitutional and contractual rights arising from that Contract;

8

(c) Issue an order enjoining North Strabane from interfering with AgRecycle's ability to enjoy, possess, and operate the Site in accordance with the Contract; and

(d) Award monetary relief and reasonable attorneys' fees to AgRecycle.

Respectfully submitted,

PIETRAGALLO GORDON ALFANO
BOSICK & RASPANTI, LLP

Date:  November 6, 2025

/s/  *William Pietragallo*
William Pietragallo, II
PA ID No. 16413
wp@pietragallo.com

Matthew R. Barnes
PA ID No. 328771
mrb@pietragallo.com

One Oxford Centre, 38th Floor
Pittsburgh, PA  15219
412-263-2000
412-263-2001 (Fax)

*Counsel for Plaintiff,*
*AgRecycle, Inc.*

#11695106

9